UNITED STATES DISTRICT COURT     JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 20-9707-DMG (MAAx)** | Date | January 19, 2021 |
| Title | *Thomas Hardwick v. Hoovestol, Inc.* | Page | 1 of 4 |

Present: The Honorable    DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE PLAINTIFF'S MOTION TO REMAND [13]**

## I.
## BACKGROUND

On July 28, 2020, Plaintiff Thomas Hardwick filed a Complaint in the Los Angeles County Superior Court, asserting a single representative cause of action under the Private Attorneys General Act ("PAGA"), Cal. Lab. Code § 2698 *et seq.*, against Defendant Hoovestol, Inc. Notice of Removal ("NOR") ¶ 1-2 [Doc. # 1]. The Complaint alleges underlying wage and hour violations against Defendant, an interstate trucking company. Compl. ¶¶ 2, 18 [Doc. # 1-1]. On October 22, 2020, Defendant removed the action to this Court, asserting both federal question and diversity jurisdiction.

On November 23, 2020, Plaintiff filed the instant motion to remand ("MTR") this action back to state court. [Doc. # 13.] The motion is fully briefed. [Doc. ## 16, 18.] For the reasons set forth below, the Court **GRANTS** the MTR.

## III.
## LEGAL STANDARD

Pursuant to 28 U.S.C. section 1441, an action may be removed from a state court to a federal district court if the latter would have had "original jurisdiction" over the action had it been filed in that court. Under 28 U.S.C. section 1331, district courts have original jurisdiction over any action that arises under the Constitution, laws, or treaties of the United States. The presence or absence of federal question jurisdiction is governed by the "well-pleaded complaint rule," under which federal court jurisdiction exists when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing *Gully v. First National Bank*, 299 U.S. 109, 112–13 (1936)).

UNITED STATES DISTRICT COURT     JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 20-9707-DMG (MAAx)** | Date | January 19, 2021 |
| Title | ***Thomas Hardwick v. Hoovestol, Inc.*** | Page | 2 of 4 |

      Additionally, pursuant to 28 U.S.C. section 1332(a), a district court shall have original jurisdiction over a civil action where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity of citizenship between the parties.

      There is a "strong presumption against removal jurisdiction," and courts must reject it "if there is any doubt as to the right of removal in the first instance." *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (*per curiam*)) (internal quotation marks omitted); *see also Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1034 (9th Cir. 2008) (any "doubt is resolved against removability"). The party "seeking removal has the burden to establish that removal is proper" and the "burden of establishing federal subject matter jurisdiction." *Id.*; *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009) (citing *Toumajian v. Frailey*, 135 F.3d 648, 652 (9th Cir. 1998)).

## IV.
## DISCUSSION

**A.    Federal Question Jurisdiction**

      Defendant purports to assert federal question jurisdiction on the basis that Plaintiff's wage and hour claims are preempted by a regulation promulgated by the Federal Motor Carrier Safety Administration ("FMSCA"). NOR ¶ 6; Opp. at 5-9. On December 28, 2018, the FMSCA issued an order concluding that California's meal and rest break laws, as applied to commercial vehicle drivers, are preempted by the FMCSCA's regulations. 83 Fed. Reg. 67470. FMSCA's authority to issue the order was pursuant to 49 U.S.C. section 31141, which also provides that only a federal court of appeals shall have jurisdiction to hear challenges to any orders issued under it. *Id.* at § 31141(f).

      It is a bedrock, long-settled principle that "a case may not be removed to federal court on the basis of a federal defense, including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." *Franchise Tax Bd. v. Constr. Laborer Vacation Trust*, 463 U.S. 1, 14 (1983). The only exception is in cases of "complete preemption," when "the preemptive force of a [federal] statute is so extraordinary that it converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Caterpillar*, 482 U.S. at 393 (internal quotation marks omitted). A state law cause of action is only completely preempted when "the federal statute[] at issue provide[s] the exclusive cause of

UNITED STATES DISTRICT COURT  JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 20-9707-DMG (MAAx)** | Date | January 19, 2021 |
|---|---|---|---|
| Title | *Thomas Hardwick v. Hoovestol, Inc.* | Page | 3 of 4 |

action for the claim asserted and also set[s] forth procedures and remedies governing that cause of action." *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 8 (2003). In short, Congress must intend the statute to provide the exclusive cause of action. *Id.* at 9.

Section 31141 is not one of these statutes. It does not provide *any* private right of action, much less the *exclusive* cause of action. It merely allows the agency to pronounce that state laws that are additional to or more stringent than the federal regulations are not enforceable if the state laws have no safety benefit, are incompatible with the federal regulations, or would unreasonably burden interstate commerce. 49 U.S.C. § 31141(c)(4). The statute expressly allows state laws with "the same effect as" the federal regulations to be enforced. *Id.* at § 31141(c)(2). The federal regulations therefore do not even provide the exclusive law, much less the exclusive cause of action. While section 31141(f) provides that the federal courts of appeal shall have exclusive jurisdiction to review challenges to the legality of the preemption order itself, it does not designate any forum with exclusive jurisdiction to hear wage-and-hour causes of action like Plaintiff's PAGA claim.

The Court therefore does not have federal question jurisdiction over Plaintiff's claim.

**B.  Diversity Jurisdiction**

Plaintiff also argues that the Court does not have jurisdiction based on diversity of citizenship because Defendant has improperly calculated the amount in controversy. MTR at 7-9.

PAGA allows an "aggrieved employee" to bring an action for civil penalties "on behalf of himself or herself and other current or former employees." Cal. Lab. Code § 2699(a). The act imposes penalties of $100 for the initial violation as to each aggrieved employee, and $200 for each subsequent violation. *Id.* at § 2699(f)(2). Of the total penalties assessed, 75% shall be distributed to the Labor and Workforce Development Agency, and 25% directly to the aggrieved employees. *Id.* at § 2699(h)(i).

In *Urbino v. Orkin Servs. of California, Inc.*, 726 F.3d 1118 (9th Cir. 2013), the Ninth Circuit held that the penalties attributed to all aggrieved employees may not be aggregated to satisfy the amount in controversy, that only those recoverable by the named plaintiff are considered. *Id.* at 1122-23 ("Each employee suffers a unique injury—an injury that can be redressed without the involvement of other employees. . . . Thus, diversity jurisdiction does not lie because their claims cannot be aggregated."). Yet, Defendant argues that under *Urbino* it still can aggregate the claims of all employees, so long as only the 25% recoverable by the employees

UNITED STATES DISTRICT COURT  
CENTRAL DISTRICT OF CALIFORNIA  
CIVIL MINUTES—GENERAL

JS-6 / REMAND

| | | | |
|---|---|---|---|
| Case No. | CV 20-9707-DMG (MAAx) | Date | January 19, 2021 |
| Title | *Thomas Hardwick v. Hoovestol, Inc.* | Page | 4 of 4 |

themselves is used to calculate the amount in controversy. Opp. at 9-10. That is not what *Urbino* says. *See Garrett v. Bank of Am., N.A.,* No. 13-CV-05263-JST, 2014 WL 1648759, at *7 (N.D. Cal. Apr. 24, 2014) (rejecting this exact argument). *Urbino* is clear that only those ascribed to the named plaintiff are considered.

Defendant calculates one violation per pay period, with 26 pay periods in a year. NOR ¶ 7(c). With a one-year statute of limitations, no more than $5,100 in penalties can be assessed based on the violations attributed to Plaintiff individually ([1 x $100] + [25 x $200])—far less than the required $75,000.

## V.
## CONCLUSION

In light of the foregoing, Plaintiff's MTR is **GRANTED**. The Court **REMANDS** this action to the Los Angeles County Superior Court. Defendant's motion to dismiss [Doc. # 8] is **DENIED as moot**, without prejudice to refiling in state court.

**IT IS SO ORDERED**.